## CONTRACTS—DAMAGES.

[Lucas Circuit Court.]

†TOLEDO (CITY) v. HENRY LIBBIE.

1. PETITION IN ACTION FOR DAMAGES FOR BEING PREVENTED FROM COMPLETING SIDEWALK CONTRACTS.

In an action against a city by a sidewalk contractor for damages resulting from his being prevented from carrying out certain contracts, a petition which sets out the action of the council in ordering the improvement, the effect and substance thereof, notice of the bids, acceptance of plaintiff's bid, his contract drawn, executed and confirmed, under which he entered and made arrangements to complete the work until prevented from doing so by the city, to his damage, etc., is sufficient.

2. ACCEPTANCE OF CERTAIN ASSESSMENTS—PLEA OF ACCORD AND SATISFACTION NECESSARY TO EFFECT ESTOPPEL.

In such an action where the issues are made up by general denials upon the part of the city, without a plea of accord and satisfaction, the court very properly refused to charge the jury that the plaintiff having accepted certain assessments in payment for part of the contract work waived all further rights and is estopped from claiming damages.

3. MEASURE OF DAMAGES IS DIFFERENCE BETWEEN ACTUAL COST AND CONTRACT PRICE.

The measure of damages in such case is the difference between the contract price and what it would actually have cost to construct the sidewalks in question.

4. CIRCUIT COURT WILL NOT REVERSE IF EVIDENCE IS OMITTED FROM BILL OF EXCEPTIONS.

Although a bill of exceptions recites that it contains all the evidence, if on examination it appears that material evidence or documents (city ordinances) were offered admitted in evidence and are not contained in the bill, the circuit court will not reverse the judgment upon the ground that the verdict is against the evidence.

5. STATE COURTS DO NOT TAKE JUDICIAL NOTICE OF CITY ORDINANCES.

State courts do not take judicial notice of ordinances unless required to do so by statute. And there is no statute in Ohio requiring it.

ERROR to the Court of Common Pleas of Lucas county.

---

†The judgment in this case was affirmed by the Supreme Court, without report, 51 O. S., 562.

MOORE, J. (orally.)

As counsel are not present, I will content myself with a very brief statement of this case and of the conclusion arrived at.

Henry Libbie obtained a judgment in the common pleas, at the April term, for two thousand dollars, against the city, and it is now sought in this proceeding to reverse that judgment. There are a number of errors assigned. One is: That the court erred in admitting evidence offered by the defendant in error at the trial of said cause against the objection of the plaintiff in error.

That the court erred in rejecting certain requests for charges to the jury made by the plaintiff in error at said trial.

That the court erred in the charge given at the trial of said cause to the jury.

That the verdict rendered at said trial was contrary to the evidence produced thereat.

That said verdict was contrary to law.

That judgment was rendered by said court for the defendant in error when it should have been rendered for the plaintiff in error.

That the court erred in overruling the motion of the plaintiff for a new trial in the court below.

This suit was brought by Mr. Libbie to recover for the failure of the city to perform—or rather its refusal to permit the plaintiff below to perform—his contract to construct certain sidewalks on and along Summit street in this city. The petition very fully recites the action of the city council in passing its preliminary resolution ordering the improvement; that it made proposals for bids and it accepted the bid of the plaintiff below and awarded to him the contract to build or to construct sidewalks on both sides of Summit street from Perry to Cherry street, except those that should be designated by the street commissioner as having been built or sufficient, so that all the sidewalks between those points were to be built except those that were thus designated as being sufficient; and he was to receive for the construction of these sidewalks twenty-six cents per square foot. The dimensions of the stone and the manner of construction are fully stated in the contract which he made. The petition then avers that after he had entered upon this contract and performed a part of it and had proceeded to purchase the stone and make his arrangements to fully comply with it—the common council, by resolution, or motion, stopped the further construction of the sidewalks and by its officers and agents prohibited him from further pursuing his contract, and he was unable for that reason to complete the same; that he was ready, willing and anxious to do so and that he has suffered damage by reason thereof in the sum of two thousand dollars, for which he prays judgment.

A demurrer was filed to this petition, but the overruling of the demurrer is not assigned as error in this petition in error.

The defendant, by his answer to this petition, first denies the propositions made and the acceptance of them and the notification of such acceptance and the confirmation by the common council—that they did not make the contract. Of course that was the conclusion of the pleader, that they did not make the contract. The allegations of the petition, however, in that regard are not denied. The defendant, however, does deny that any motion or resolution was adopted by the common council prohibiting the defendant from completing his contract

or that the street commissioner was prohibited or that he was refusing to go on and construct his walk under his contract, and also sets out that he made the contract, a copy of which is attached to the petition signed by him.

A reply is interposed which alleges that under the ordinances of the city and under the terms of the contract, before he could proceed in furtherance of what he had contracted to do, that it became the duty of the city civil engineer to fix the grade—the inclination—and to set stakes for him to work by, and that this was not done; that the city did not proceed to do anything under the ordinance and contract which they were bound to do before he could further proceed with his contract and that it would have been unlawful and in violation of the ordinances of the city for him to proceed without that having been done. Of course this is denied.

The plaintiff in error relies very much upon the verdict of the jury being against the evidence. A bill of exceptions was taken, and upon examination of the bill of exceptions we find that what perhaps was very material in determining the issues made by the answer and reply, is not in the bill of exceptions. It says: "Thereupon the plaintiff by his counsel offered and read in evidence to the jury the codified ordinances of said city," (that might have included a great deal) "and especially secs. 181, 193 and 194; and thereupon offered as a witness in his own behalf himself." Now these ordinances, we might assume, related to the duty of the civil engineer, and perhaps to the contractor under them in proceeding with this work. They are not attached to the bill of exceptions. They were admitted in evidence, without objection, and we are to assume that they were material. It has been held frequently by our Supreme Court that although a bill of exceptions recites that it contains all of the evidence offered upon a trial, yet if on examination it shows that material evidence or documents were offered in evidence and were admitted and not contained in the bill of exceptions, the court will not reverse the judgment upon the ground that the verdict is against the evidence. It is useless to cite authorities. They are in Ohio and in the Ohio State reports, very numerous. So, in this case, the evidence was admitted and went to the jury. It was suggested that the court might take judicial notice of the ordinances which cities and villages pass. Undoubtedly the city courts and the mayor of the village does take judicial notice of the ordinances of their respective municipal corporations, but the state courts do not. It had been held that the state courts do not take judicial notice of ordinances, unless required to do so by statute. There is no statute in Ohio requiring the state court to take judicial notice of ordinances. There is a statute, however, that the ordinances themselves—the ordinances as recorded in the ordinance book, or certified copies of ordinances—may be received in evidence. They were offered in evidence, but they were not attached to the bill of exceptions.

We find also in this record, although it does not appear that it was formerly offered, but was used in the trial of the case and to the jury, a certain paper which contained the lots upon which improvement was to be made, designated by red lines, and it answered the purpose of specifications to a building contract, and it undoubtedly was material in the determination of this case and it appeared to have been used as evidence in the case, and it is not attached to the bill of exceptions; so that there is another reason that it would not be proper for us to undertake to review

this case upon the assignment of error—that the verdict is against the weight of the evidence.

In examination of the record, we find but one question raised, as to the admission of testimony, and that is this:

"Q. On this day, when you were in front of George Ketcham's property, state what, if any, direction or communication was made to you by anybody as to the continuance of the work, by any officers of the city? (Objected to by defendant's counsel; objection overruled; defendant excepts.)    A.    Mr. Tyrel told me what had—what was done in the council room, about as far as the resolution was passed."

Perhaps it would not have been proper for him to narrate what happened in the council room, but, so far as that answer goes, no one was prejudiced by it, and the further questions which drew out what that resolution was which was passed by the council are not objected to. This is all there is as to this matter relating to the admission of testimony.

It is alleged as error that the court refused to charge certain propo sitions which were asked by the defendant below. It might be well to state that most of the charge of the court is composed of propositions which are asked to be charged by the defendant below, but there were two of them—the ninth and tenth—that the court refused to give the jury.

It appeared in this case upon the trial of it, that the plaintiff below had proceeded to and had constructed sidewalks along certain lots and he had received a certificate of assessment for the amount that he had completed and there was no claim made for any amount that was due upon work that he had actually done—that was paid for. The defendant below asked these charges to be given:

" 9. If the plaintiff requested and accepted the assessment without complaining, he thereby waived all further right under the contract, if he had any, with the city.

" 10. And having received an assessment in terms like that taken by the plaintiff, he is estopped from claiming anything further by way of damages, under the contract from the city."

Of course this challenges us to some extent to look at the issues which were made. There was nothing in the answer but denials. There was no pleading of settlement; none of accord and satisfaction, or of estoppel or payment; there was no issue made upon the pleadings in the case to which those propositions of law could apply. Evidence was properly admitted to show what had been done under the contract and that the party was proceeding to fulfill his contract when the city caused him to desist from the prosecution of it, but it was not received upon any issue that had been tendered by the defendant below—that is: that he had accepted this in payment or satisfaction or by way of adjustment or any plea of estoppel that would require any such charge to be given, and we think the court very properly refused, under the state of the pleadings to give those propositions of law.

Exception was taken to the charge of the court on the measure of damages and, without taking time to read what the court did charge, it was in effect, that the plaintiff would be entitled to recover the difference between the contract price and what it would have actually cost to have constructed the sidewalks—in other words, the profit which he would have made, was the loss which resulted from the failure of the city to perform; and we think that is the proper rule of damages—that would be the loss. In the case of Doolittle v. McCullough, 12 O. S., 360, where

a party had been prevented from performing. his contract—having performed a part of it, as in this case—he had taken the contract at far less than it was really worth to do the labor, and he brought suit, and the court permitted him to offer evidence to prove what it was reasonably worth to do the work. The contract was abandoned. The Supreme Court said that was not the rule. It said that he lost nothing; that he had been paid for what he had done and he lost nothing, but if his contract price was in excess of what it would be worth to complete the remainder of the work, that would be the measure of damages. This was certainly the rule which the first court followed in its charge.

So that disposes of all the questions raised in this record, unless it be the assignment of error in the petition in error : that the court below erred in rendering judgment for the plaintiff below—can reach to the petition. There is no assignment of error that the court below erred in overruling the demurrer. We think the petition is sufficient. The petition sets out very fully the action of the council in ordering this improvement ; it sets out this resolution—both the resolutions, in fact, and also allegations of the effect and substance of them ; and also that notice was given for bids; that his bid was accepted and that under that acceptance a contract was drawn and signed by him and confirmed by the council and under which he entered upon his contract and pushed it and made arrangements to complete it until he was prevented from doing so by the city and that he has been injured to the extent of two thousand dollars and asks judgment for that amount. We think the petition would be good as against an individual under a contract; it recites the authority which caused the city to make the contract and we think it is sufficient as against the city. The judgment of the court below will be affirmed, but without penalty.